Daniel SCOTT; Joan Scott,
Plaintiffs–Appellants,

v.

PAUL REVERE INSURANCE GROUP; the Paul Revere Life Insurance Company; Provident Companies, Inc., Defendants–Appellees,

and

Does 1 to 50, Inclusive, Defendants.

No. 00–55832.

D.C. No. CV–99–00594–JNK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 10, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Daniel and Joan Scott appeal the summary judgment in favor of Paul Revere

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Insurance Group, Paul Revere Life Insurance Company, and Provident Companies, Inc. (collectively "Paul Revere") in the Scotts' action alleging that Daniel Scott ("Scott") was wrongfully denied total disability benefits under a disability insurance policy issued by Paul Revere. We apply California law and we affirm.

It is undisputed that Scott was employed as the branch manager of a bank and became totally disabled for a period of time as a result of an armed bank robbery. Paul Revere discontinued Scott's total disability benefits upon finding out that Scott was employed as a manager in a different industry.

■ The district court denied Scott's claim for total disability benefits, holding that under the unambiguous terms of the policy, Scott was required to show that he could not perform all of the "important duties" of his "regular occupation." The district court's conclusion that the policy is unambiguous rested on an examination of the policy as a whole, which establishes separate requirements for residual as opposed to total disability. The court held that Scott could perform important duties of his regular occupation and he was therefore not totally disabled. This decision is supported by the list of responsibilities of his former position that Scott attached to his application for benefits describing typical management duties. It is also supported by Scott's uncontested ability to perform the managerial duties of his present job.

■ Scott maintains that the policy is ambiguous and seeks the benefit of California's well-established rule that ambiguities in insurance policies are to be construed against the insurer. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 912, 226 Cal.Rptr. 558, 718 P.2d 920 (1986). Under California law,

of this circuit except as provided by 9th Cir.

however, it is appropriate to look at the terms of the entire policy in order to determine whether the policy is ambiguous. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1256, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992).

Scott maintains that so long as he is unable to perform management duties in a bank setting, he is totally disabled. Yet, the policy terms instruct us to focus on the "important duties" of his "regular" occupation, rather than the occupational setting or the insured's previous job title. This is what the district court appropriately did.

We agree with the district court that the issues presented are issues of contract interpretation, and there is accordingly no need for remand for resolution of any material issues of fact.

AFFIRMED